IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GOODWIN, | ) | |
| | ) | Civil Action No. 11-770 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| RENEWAL, INC., CLAUDIA ASBURY, | ) | |
| LAUREN FORTNOFF, DORLACY | ) | |
| McCOY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court addresses here the Defendants' Motion to Dismiss the Plaintiff's Second Amended Complaint [ECF No. 33], and the Supplemental Motion to Dismiss [ECF No. 36] for failure to state a cause of action. These Motions will be granted with prejudice.

## Facts

This civil rights action brought pursuant to 42 U.S.C. § 1983 arises from constitutional violations alleged to have occurred during the three months between November 10, 2010 and February 15, 2011, while Plaintiff, Tyrone Goodwin ("Goodwin" or "Plaintiff"), was a resident at Renewal, Inc. ("Renewal"). Goodwin himself describes Renewal as a "private non-profit correctional facility organized under the laws of Pennsylvania," and the employer of the three individual defendants. [ECF No. 18 at ¶¶ 2-5]. According to Goodwin, Renewal houses and provides treatment to approximately three hundred county, state, and federal inmates in order to facilitate their re-entry into society. [ECF No. 3 ¶ 2]. Upon admission to Renewal's program, participants are required to execute a contract stipulating that they will "find employment or enroll in school or training within fifteen (15) days of entry." [ECF No. 14-6 Ex. F at ¶ 10]. A

portion of the participant's earnings is used to fund the Renewal program. [Id. at ¶ 18]. If a program participant is unable to work, he agrees to attend career-counseling, and is made aware that if he fails to comply with this stipulation within the fifteen day period, he may be returned to the Allegheny County Jail or other facility from which he was referred. [Id. at 10].

Plaintiff, proceeding pro se, contends that while he was in the Renewal program, his rights were violated multiple times by Renewal and three of its employees, Claudia Asbury ("Asbury"), "a F/T Job Coordinator at . . . Renewal," Lauren Fortunoff ("Fortunoff"), a "case manager supervisor at Renewal," and Dorlacy McCoy ("McCoy"), a Renewal case manager. [Id. ¶¶ 3-5]. Plaintiff alleges a panoply of wrongs, specifically contending that he was: denied a certificate permitting him to leave the facility to attend church, [id. at ¶ 6]; not given a towel or washcloth upon admission to Renewal, [id. at ¶ 10]; forced to sign false mental health allegations, and not permitted to leave the facility to visit his doctor, although McCoy knew that he suffered from high blood pressure. [Id. at ¶¶ 11, 16]. Plaintiff also contends that he was not permitted to leave the Renewal premises until the second week of January 2011, a period longer than the fourteen day restriction imposed on other participants. He alleges that he was harassed for failing to look for a job in spite of the fact that he was disabled by his addiction to alcohol, as evidenced by a certificate establishing that he was not able to return to work before May 2011. [Id. at ¶¶ 24-25].

Plaintiff further contends that his right to remain at Renewal was revoked without a hearing, and that the revocation resulted in his inability to renew his apartment lease, the loss of personal property, and interference with his relationship with his primary care physician and other service providers. [Id. at ¶37]. Goodwin also alleges that his return from Renewal

2

contributed to his ineligibility for release on bail, and complains that legal materials necessary to challenge the violation of his rights were unavailable at Renewal.

Last, Plaintiff asserts claims under the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq. ("RA") and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.

**Jurisdiction**

Under the Federal Magistrate Judges Act ("the Act), a Magistrate Judge's jurisdiction may be conferred by consent of the parties. 28 U.S.C. § 636(c). Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Consent of all parties to a case gives the magistrate judge full "authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." Roell v. Withrow, 538 U.S. 580, 585 (2003); In re Search of Scranton Hous. Auth., 487 F.Supp.2d 530, 535 (M.D.Pa. 2007). "[S]o long as consent [to Magistrate Judge jurisdiction] is clear and unambiguous, it is effective." In re Search of Scranton Hous. Auth., 487 F.Supp.2d at 535; Roell, 538 U.S. at 591 (consent may be inferred from parties' actions).

This case was reassigned to Magistrate Judge Cynthia Reed Eddy on October 27, 2011. Subsequently, all parties consented to the Magistrate Judge's jurisdiction. Plaintiff submitted his consent on June 13, 2011. Defendants submitted their consent on March 16, 2012. In so doing, each party stated: "I voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial and entry of a final judgment, with direct

3

review by the United States Court of Appeals for the Third Circuit if an appeal is filed." See [ECF Nos. 5, 37].

**Standard of Review**

Because Plaintiff proceeds IFP, this Court is obligated by the terms of the Prisoner Litigation Reform Act ("PLRA") to dismiss claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who enjoys immunity from such relief. See 28 U.S.C. §1915(e)(2) (actions brought IFP); 28 U.S.C. § 1915(A) (actions seeking redress from governmental defendant); and 42 U.S.C. § 1997e (prisoner suits complaining of conditions of confinement). Another feature of the PLRA precludes a prisoner from bringing suit with respect to conditions of confinement unless he has first exhausted available administrative remedies. See 28 U.S.C. 1997e(a). A court has inherent power to dismiss a complaint which, on its face, violates this bar to suit. See Ray v. Kertes, 285 F.3d 296 (3d Cir. 2002).

Defendants seek to dismiss Plaintiff's Complaint, alleging that it fails to state a claim. Because the suit involves a pro se litigant, the Court is obliged to accept Goodwin's factual allegations as true and draw all reasonable inferences therefrom in his favor. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). This does not excuse Plaintiff from including in his Complaint facts that demonstrate a plausible claim to relief – the same requirement imposed by Fed. R. Civ. P. 12(b)(6). See Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)).

In Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit reiterated the Rule 12(b)(6) pleading requirements as explained by the Supreme Court in Bell Atl. v. Twombly, 550 U.S. 544, 570 (2009) and

Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Phillips, 515 F.3d at 233–34. Motions to Dismiss are evaluated pursuant to a three-pronged approach. First, the Court must identify the elements essential to the plaintiff's cause of action. Second, the Court determines whether the complaint sets forth factual allegations as opposed to conclusory statements; the former it accepts as true, and the latter it disregards. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Third, if the complaint sets forth factual allegations, the Court must assess whether they support a claim to relief that is plausible on its face. See Twombly, 550 U.S. at 570. The plausibility requirement is met when the plaintiff pleads facts that allow the court reasonably to infer that the defendant is liable for the misconduct alleged. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). This standard does not impose a probability requirement at the pleading stage, but instead requires that the facts alleged be sufficient to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the claims made. See Iqbal, 556 U.S. at 678; Phillips, 515 F.3d at 234.

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

**Discussion**

1. The Section 1983 Claims are not Viable as Renewal is not a State Actor

Each of Goodwin's constitutional claims is premised upon 42 U.S.C. § 1983. In order to maintain a cause of action under section 1983, a plaintiff is required to allege facts sufficient to support a plausible conclusion that: (1) the challenged conduct was committed by a person or entity acting under state law, and (2) that the conduct deprived the plaintiff of "rights, privileges, or immunities secured by the Constitution or laws of the United States." Schneyder v. Smith, 653 F.3d 313, 319 (3d Cir. 2011) (citing Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d

5

Cir. 1993)). The Court concludes that Goodwin's Complaint fails to satisfy the first of these requisites,[1] and that the all claims brought pursuant to section 1983 should be dismissed with prejudice.

In his Second Amended Complaint, Goodwin does not attempt to establish Renewal's status as a state actor. In fact, he explicitly describes Renewal as a "private, nonprofit correctional facility." [ECF No. 18 ¶2]. This characterization is consistent with case law in this District addressing the status of Renewal for purposes of section 1983.[2] In a Memorandum Order captioned Simmons v. Renewal, Inc., Civil Action No. 11-302, (W.D. Pa. February 29, 2012) [ECF No. 27], the Court addressed Simmons's claims that a Renewal counselor subjected him to sexual harassment in violation of the Fourth, Fifth, and Sixth Amendments to the United States Constitution. United States District Judge Cathy Bissoon dismissed the claims with prejudice, finding that Plaintiff failed to allege state action on the part of Renewal: "There are no facts through which state action may be inferred." [Id. at 1].

A similar result was reached in an Order entered by United States District Court Judge, Joy Flowers Conti, in Smith v. Devline, Civ. Act. No. 04-558, 2006 WL 3145428 (W.D. Pa. Oct. 31, 2006) [ECF No. 129]. The allegations in Smith were similar to those made by Goodwin – that members of the Renewal staff denied him access to health care and medical

---

[1] The plaintiff bears the burden of establishing state action. Broderick v. Assoc. Hosp. Serv. of Phila., 536 F.2d 1, 7 n. 21 (3d Cir. 1976).

[2] 42 U.S.C. § 1983 reads:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

appointments, withheld permission for him to leave the Renewal facility to seek employment, forced him to live in an unheated room, assigned him a job that negatively affected his health care, and interfered with his mail. [ECF No. 128 at 1]. Considering those allegations, the Court stated that in order to "establish state action, the complaining party must show 'a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action may be fairly treated as that of the state itself.'" [Id. at 3] (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1981) (citations omitted)). Smith's allegations did not satisfy this test:

> While . . . the evidence demonstrates th[at] Renewal functions as a facility to ease the transition of inmates into the community, there is nothing in the record which demonstrates that the state exercises any control over Renewal's administration or decision making policy. For this reason, there is nothing which would support the plaintiff's position that Renewal operates "under color of law" and for this reason, Renewal is not subject to suit under the provisions of 42 U.S.C. 1983.

[Id.].

Affirming the District Court's decision in Smith, the United States Court of Appeals for the Third Circuit described in detail the summary judgment record pertaining to Renewal, noting that although it entered into contracts with some governmental entities, not all residents of the program paid for the program with government assistance. Renewal's Board of Trustees was made up of volunteers elected by a Board of Directors that was not appointed by the government. Renewal's policies and procedures governing residents and employees were not set by the government, but were formulated and adopted by Renewal. The government had no say in who was admitted to the Renewal program, or whether a resident who had failed to comply with program rules, could be returned to prison. See Smith v. Devline, No. 06-4844, 2000 WL 1989689 at * 1 (3d Cir. July 11, 2007).

The matter now before the Court is similar to Smith in that Goodwin has failed to allege

7

facts sufficient to state a section 1983 claim that is plausible on its face. Nothing in Goodwin's factual allegations suggests that Renewal or its staff were state actors for purposes of Plaintiff's constitutional claims. Consequently, each of Goodwin's section 1983 claims should be dismissed with prejudice. Additional amendment will not cure this deficiency, and would, therefore, be futile.

2.     Plaintiff has Failed to Allege a Cognizable Claim under the ADA or the RA

In order to survive a motion to dismiss a claim made pursuant to Title II of the ADA, a plaintiff bears the burden of alleging facts sufficient to state a plausible claim that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participating in, or denied the benefit of, a *public* entity's services, programs, or activities; and that (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See 42 U.S.C. § 12132; Robertson v. Las Animas Cnty. Sheriff's Dep't, 500 F.3d 1185, 1193 (10th Cir. 2007)." Lopez v. Beard, No. 08-3699, 2009 WL 1705674 at *4 n. 1 (3d Cir. June 18, 2009) (emphasis added).

A viable RA claim contains essentially the same elements as an ADA claim, but includes the additional requirement that the program or activity from which the plaintiff is excluded receives federal financial assistance. See Saxe v. State Coll. Area Sch. Dist., 240 F.3d 200, 204 (3d Cir. 2001).

Plaintiff has not set forth any facts to suggest that Renewal is a public entity, and the case law establishes the opposite. As a result, one of the critical elements of a cause of action under both the ADA and the RA is absent; this deficiency is fatal to Goodwin's claims against Renewal under both statutes.[3] Even if the Court were to accept Goodwin's unsupported

---

[3] "'In light of the similarities between . . . the ADA and RA and their implementing regulations, [the Court] construe[s] and appl[ies] them in a consistent manner.'" Disabled in

8

assertion that Renewal receives federal funds, his claim under the RA cannot survive a motion to dismiss. The record shows that Goodwin himself applied to the Pennsylvania Department of Public Welfare, stating that he suffered from drug and alcohol addiction. A physician from the Department certified that Goodwin was eligible for six months of temporary disability. [ECF No. 35-10 at 1-2]. Thus, Goodwin unequivocally alleges that he was subject to a disability for only a limited amount of time. [Id. at 2]. "An individual with a temporary impairment lasting only a few months will not qualify for protection under the ADA." Hajel v. Allegheny Ludlum, No. 2:10cv137, 2010 WL 2103923 at *3 (W.D. Pa. May 25, 2010) (citing Ashton v. Am. Tel. & Tel. Co., No. 06-1610, 2007 WL 595251 at *3 (3d Cir. 2007)). The RA uses the same standard to determine liability. Antol v. Perry, 82 F.3d 1291, 1299 (3d Cir. 1996).[4]

The statutory claims against the individual defendants also fail. Courts, including those in the Third Circuit, have held repeatedly that Title II of the ADA does not apply to actions against defendants in their individual capacities. See Duffy v. Kent Cnty. Levy Court, Civ. No. 09-198, 2010 WL 3909089 at *3 (D. Del. Sept. 27, 2010) (collecting cases); Taylor v. Altoona Area Sch. Dist., 513 F.Supp.2d 540, 560 (W.D. Pa. 2007) (same). Although "[t]he U.S. Court of Appeals for the Third Circuit has not addressed the issue, [it] has held that there is no individual liability under Title III, and noted [that this] result 'comports with decisions of other courts of appeals holding that individuals are not liable under Titles I and II of the ADA, which prohibit discrimination by employers and public entities respectively.' " Duffy at *3 n. 2

---

Action in Pa. v. SEPTA, 635 F. 3d 87, 91 n.5 (3d Cir. 2011) (quoting Pa. Prot. and Advocacy, Inc. v. Pa. Dep't of Pub. Welfare, 402 F.3d 374, 379 n.3 (3d Cir. 2005)).

[4] See also Fitzgerald v. Corr. Corp. of Am. 403 F.3d 1134, 1144 (10th Cir. 2005) (holding that ADA does not provide a remedy where, as here, the plaintiff's alleged disability was the reason he was seeking treatment).

9

(quoting Emerson v. Thiel Coll., 296 F.3d 184, 189 (3d Cir. 2002) (citations omitted)).

**Conclusion**

For the reasons set out above, the Defendants' Motion to Dismiss be granted with prejudice as to all claims. An appropriate Order follows.

AND NOW, this 24th day of April, 2012, it is hereby ORDERED that the Defendants' Motions to Dismiss the Plaintiff's Second Amended Complaint and the Supplemental Motion to Dismiss [ECF Nos. 33, 36] are GRANTED with prejudice as further amendment would be futile. The Clerk of Court is directed to mark this case closed.

By the Court,

Cynthia Reed Eddy
United States Magistrate Judge

cc: Counsel of record via CM-ECF

Tyrone Goodwin
7704 Tioga Street Apt. 6
Pittsburgh, Pa 15208